UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARLEY CASTRO, ET AL.,**<br>      Plaintiffs,<br><br>          v.<br><br>**ABM INDUSTRIES, INC., ET AL.,**<br>      Defendants. | Case No. 15-cv-01947-YGR<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. No. 31 |

This putative class action was previously removed to this Court from the Superior Court of the State of California, County of Alameda, on December 5, 2014. *Castro v. ABM Industries Inc., et al.*, Case No. 14-CV-05359-YGR, at Dkt. No. 1. Thereafter, plaintiffs successfully moved for remand. *Castro v. ABM Indus. Inc.*, No. 14-CV-05359-YGR, 2015 WL 1520666, at *1 (N.D. Cal. Apr. 2, 2015). After summarizing the relevant portions of the complaint and notice of removal and recounting the applicable legal standard, the Court found that defendants had failed to establish that the aggregate amount in controversy exceeded $5 million under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). *Id*. at *4-5. The Court rejected defendants' argument that penalties available under the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code sections 2698 *et seq.*, should be considered in determining the amount in controversy, as the PAGA claims were not added until plaintiffs filed a First Amended Complaint post-removal. *Id*. at *3 n.4 (noting that "[f]or purposes of evaluating whether removal was proper, the Court looks to the operative complaint at the time the action was removed").

Defendants appealed the remand order and filed a new notice of removal in light of the First Amended Complaint. (Dkt. No. 1.) Because a new notice of removal had been filed, the Ninth Circuit denied the appeal as moot. *See Castro v. ABM Indus. Inc.*, 616 F. App'x 353 (9th Cir. 2015). Also after the operative notice of removal was filed, the Ninth Circuit held in a different case that PAGA penalties asserted as non-class claims cannot be added to amounts recoverable as class claims to reach the $5 million amount-in-controversy threshold in CAFA cases. *See Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1062 (9th Cir. 2015) ("Where a plaintiff

files an action containing class claims as well as non-class claims, and the class claims do not meet the CAFA amount-in-controversy requirement while the non-class claims, standing alone, do not meet diversity of citizenship jurisdiction requirements, the amount involved in the non-class claims cannot be used to satisfy the CAFA jurisdictional amount, and the CAFA diversity provisions cannot be invoked to give the district court jurisdiction over the non-class claims."). As in *Yocupicio*, and contrary to defendants' argument (Dkt. No. 32 at 2-3), plaintiffs in the First Amended Complaint specifically disclaim seeking class action status for the PAGA claims (Dkt. No. 3-1 ¶ 24). *See Yocupicio*, 795 F.3d at 1060 n.7 (noting a similar election was "'fatal to CAFA jurisdiction'").

Plaintiffs filed a motion to remand in light of *Yocupicio*. (Dkt. No. 31.)[1] In opposition thereto, defendants do not directly claim *Yocupicio* is inapplicable, but rather argue that case "was wrongly decided" and note their intention to "petition for rehearing en banc in the Ninth Circuit and/or [file] a petition for a writ of certiorari in the U.S. Supreme Court challenging *Yocupicio*'s holding." (Dkt. No. 32 at 1-2, 9 ("It is likely that ABM will convince the Supreme Court or the en banc Ninth Circuit to overrule *Yocupicio* because it is clearly wrong for a number of reasons.").) The Court finds *Yocupicio* is directly applicable here and binding authority. As such, and having carefully considered the papers submitted, the motion to remand is **GRANTED**. This action is hereby **REMANDED** to the Superior Court of the State of California, County of Alameda.

This Order terminates Docket Numbers 31 and 42[2] and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 10, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] The Court **VACATES** the hearing set for November 17, 2015, finding the motion suitable for decision without oral argument as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] The stipulation to continue the case management conference (Dkt. No. 42.) is **DENIED** as moot.